Mark **PALLOTTINO,** Plaintiff–Appellant,

v.

**CITY OF RIO RANCHO, a municipality in the State of New Mexico; Officer Randy Sanchez; Officer Brian Davison; and Officer Michael Pelligrini, Defendants–Appellees.**

No. 93–2085.

United States Court of Appeals, Tenth Circuit.

Aug. 4, 1994.

---

Joseph P. Kennedy, Albuquerque, NM, for plaintiff-appellant.

Norman F. Weiss (Michelle M. Lalley, with him on the brief), Albuquerque, NM, for defendants-appellees.

Before WHITE, Associate Justice (Ret.),* TACHA and BRORBY, Circuit Judges.

---

* The Honorable Byron R. White, Associate Justice of the United States Supreme Court (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

BRORBY, Circuit Judge.

Mr. Pallottino was temporarily detained by police officers (Officers) of the City of Rio Rancho, New Mexico, while they investigated a fist fight. Mr. Pallottino, who contends this detention was due to his refusal to give the Officers his name and address, initially brought a 42 U.S.C. § 1983 claim for violation of his Fifth Amendment privilege to remain silent. After this claim was summarily dismissed, he sought to amend his complaint to argue an unreasonable seizure in violation of the Fourth Amendment. The district court denied leave to amend. Mr. Pallottino now appeals both the order dismissing his § 1983 claim of Fifth Amendment violation and the order denying leave to amend. We affirm.

## I.

The Officers were summoned to a residential neighborhood to investigate a report of a disturbance at three o'clock in the morning. At the scene, they found Mr. Pallottino injured and sitting on the bumper of a vehicle. Mr. Pallottino contends he had just broken up a fight between two individuals. The Officers offered him help in getting medical attention and offered to call an ambulance. He refused the offers. A friend helped Mr. Pallottino into a truck to drive him to the hospital. Once in his friend's truck, one Officer asked Mr. Pallottino his address in order to complete the police report. Mr. Pallottino declined to answer the question. Another Officer told Mr. Pallottino he would be arrested if he refused to answer questions. Mr. Pallottino became upset and started to argue loudly with the Officer in profane and vulgar language. The Officer reminded Mr. Pallottino it was early in the morning and three times asked him to keep his voice down. Mr. Pallottino told the Officer he was going to get a bullet in the head. The Officers removed him from the truck and arrest-

ed him. Mr. Pallottino was charged with and convicted of disorderly conduct and interference with an officer. Mr. Pallottino now concedes the Officers had probable cause to arrest him for disorderly conduct.

Mr. Pallottino's original § 1983 complaint alleged excessive force used during his arrest violated the Fourth Amendment and his wrongful arrest and malicious prosecution violated the Fourteenth Amendment due process clause. Two months later he amended the complaint to include state tort claims and to also allege the Officers violated his Fifth Amendment rights, contending the Officers arrested him because he refused to give his name and address in violation of his "absolute right to remain silent." The Officers and the City [1] responded with the defense of qualified immunity.

In a partial summary judgment, the district court ruled from the bench the existence of probable cause justified Mr. Pallottino's arrest and therefore did not violate the Fourteenth Amendment. Further, the court found Mr. Pallottino did not have a colorable Fifth Amendment privilege to refuse to give his name and address to investigators. Thus, the court dismissed those claims against the Officers and the City. Subsequently, Mr. Pallottino moved to amend his complaint to include Fourth Amendment unlawful detention claims based on the same facts used in asserting the dismissed Fifth Amendment claim. The court denied his motion for leave to amend.

Mr. Pallottino presents two issues on appeal. First, he contends the district court erred in dismissing the claim of Fifth Amendment violation because an issue of disputed fact remains whether the Officers' decision to arrest was solely in retaliation for his refusal to give his name and address. Second, Mr. Pallottino contends the district court abused its discretion in denying his request for leave to file a second amended

1. In Mr. Pallottino's original complaint, he implicated the City with a theory of *respondeat superior*. Perhaps recognizing the invalidity of this theory, after *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Mr. Pallottino rephrased his theory in his amended complaint to include an allegation of the City's "policy or custom display[ing] a delib-

erate indifference" to his Fifth and Fourteenth Amendment rights. *See City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Since we find no underlying violation by the Officers, the City is similarly entitled to summary judgment. *See Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir.1993).

complaint, adding a Fourth Amendment unlawful detention theory, because the Officers failed to give legal articulable reasons for his detention.[2]

## II.

■ Once the defendants raised a defense of qualified immunity, we must recognize the Supreme Court's repeated instructions to resolve qualified "immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, ——, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (citing cases). "The entitlement to qualified immunity 'is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio,* 847 F.2d 642, 644 (10th Cir.1988) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (emphasis in original)). The doctrine of qualified immunity gives the Officers qualified immunity in a § 1983 suit unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see Dixon v. Richer,* 922 F.2d 1456, 1459 (10th Cir.1991). Once a defendant to a § 1983 action raises a qualified immunity defense, the burden shifts to the plaintiff to show both facts and law to establish that the defendant is not entitled to qualified immunity. *Dixon,* 922 F.2d at 1460. We apply an objective standard to determine whether a defendant violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pueblo Neighborhood,* 847 F.2d at 645.

■ In the context of a summary judgment motion, to prevail against a qualified immunity defense, the plaintiff must "come forward with facts or allegations to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the violation occurred." *Id.* at 646. Only if the plaintiff establishes both of these matters does a defendant bear the normal burden of the movant for summary judgment of "showing that no material issues of fact remain that would defeat his or her claim of qualified immunity." *Id.* We review the district court's conclusion de novo. *Dixon,* 922 F.2d at 1460.

■ In this case, Mr. Pallottino did not meet his burden of proof showing clearly established law in support of his claim under the Fifth Amendment. Although we have recognized a Fifth Amendment right to remain silent may be triggered during a *Terry* stop, we have narrowly limited that event to pre-arrest custodial interrogations where incriminating questions are asked. *See United States v. Perdue,* 8 F.3d 1455, 1463–66 (10th Cir.1993); *United States v. Griffin,* 7 F.3d 1512, 1517–18 (10th Cir.1993). The Supreme Court has found a request at a scene of a motor vehicle accident for biographical information, such as name and address, to be "an essentially neutral act." *California v. Byers,* 402 U.S. 424, 432, 91 S.Ct. 1535, 1540, 29 L.Ed.2d 9 (1971). Such disclosure does not create the threat of criminal liability or self-incrimination. We agree with the district court: there is no clearly established right, under the Fifth Amendment, to ignore police requests at the scene of an investigation for a witness's name and address. The retaliation claim is further undercut by counsel's concession, during oral argument, that the Officers had probable cause to arrest Mr. Pallottino for disorderly conduct based on Mr. Pallottino's violent response to their insistent questioning. We therefore affirm the district court's summary dismissal.[3]

---

**2.** In appealing the district court's order of partial summary judgment, Mr. Pallottino's challenge technically includes the dismissal of the Fourteenth Amendment violation. He has not briefed these issues and therefore we consider the issue waived. *See* Fed.R.App.P. 28(a)(3) & (5); *Jordan v. Bowen,* 808 F.2d 733, 736 (10th Cir.), *cert. denied,* 484 U.S. 925, 108 S.Ct. 287, 98 L.Ed.2d 247 (1987).

In passing on the issue, however, we note the Supreme Court recently rejected the Fourteenth Amendment as independent grounds for challenging improper arrests. *Albright v. Oliver,* —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

**3.** Mr. Pallottino also argues the trial court improperly dismissed his Fifth Amendment count because the court, and not the jury, determined

## III.

Turning to Mr. Pallottino's next issue on appeal, "[t]he decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed. R.Civ.P. 15(a), and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991).[4] We have often found untimeliness alone a sufficient reason to deny leave to amend, "especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir.1993) (listing cases). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984). Although, as a general rule, the district court must give a reason for its refusal, *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987), "failure to state a reason can be harmless error where the reason is apparent," *Long v. United States*, 972 F.2d 1174, 1183 (10th Cir.1992).

Mr. Pallottino's motion for leave to amend was filed eight months after the original complaint and over five months after a previous amended complaint. The proposed amendment was not based on new evidence unavailable at the time of the original filing. Instead, it proposed a theory that Mr. Pallottino did not choose to advance until after his primary theory had been dismissed. As other courts of appeal have stated:

A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the proposition that there must be an end finally to a particular litigation." [Citation omitted.] ... Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir.1967); *see, e.g., Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1082 (8th Cir.1993); *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990); *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986). In his motion to amend, Mr. Pallottino did not explain his failure to amend the complaint earlier, especially as it was not based on new evidence. Although the district court did not give reasons for the refusal, the above grounds for refusal are clear from the record. Accordingly, we find no abuse of discretion.

For the foregoing reasons, the orders of the district court are **AFFIRMED.**

---

the issue of probable cause. Actually, the court dismissed his Fourteenth Amendment claim upon a finding of probable cause to arrest. Moreover, a trial court may freely determine probable cause, on an objective standard, when the issue is raised within the defense of qualified immunity. *Hunter*, 502 U.S. at —, 112 S.Ct. at 537.

4. Although we do *not* reach the merits of Mr. Pallottino's Fourth Amendment claim, we recognize its narrow scope. Mr. Pallottino's seizure claim is limited to the period *between* the Officers' request for biographical information and Mr. Pallottino's threatening response. At oral argument, counsel for Mr. Pallottino conceded the Officers had probable cause to arrest Mr. Pallottino for disorderly conduct and counsel agreed a civil § 1983 action is not the proper forum to challenge a criminal conviction. Mr. Pallottino does not argue his arrest and subsequent detention violated the Fourth Amendment.