37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph V. LIBRETTI, Jr., Plaintiff-Appellant,
v.
Kenneth BRAY, Michael Jaraczeski, in their individual
capacities and as agents of the Bureau of Alcohol, Tobacco
and Firearms; Monty Mecham, in his individual capacity and
in his official capacity as Lieutenant in the Green River
Police Department; Stephanie McLoughlin, in her individual
capacity and official capacity as a Wyoming Division of
Criminal Investigation Agent, Defendants-Appellees.
Joseph V. LIBRETTI, Jr., Plaintiff-Appellant,
v.
Stephanie McLOUGHLIN, in her individual capacity and as
Wyoming Division of Criminal Investigation Agent; Kenneth
Bray, Michael Jaraczeski, in their individual capacities as
Bureau of Alcohol, Tobacco and Firearms agents; Monty
Mecham, in his individual capacity and in his official
capacity as a Green River Police Lieutenant, Defendants-Appellees.
 Nos. 93-8096, 93-8097.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals an order of the district court granting the motions to dismiss under Fed.R.Civ.P. 12(b)(6) filed by defendants in two cases that are the subject of separate appeals we have consolidated for disposition.
 
 
 4
 Defendants, who are state and federal law enforcement officers, searched plaintiff's residence and business in Green River, Wyoming, pursuant to both federal and state search warrants. Acting in accordance with those warrants, defendants seized firearms, cash, drug paraphernalia, and other items.
 
 
 5
 Plaintiff's separate complaints named the same defendants and alleged related claims arising out of the same facts and circumstances. Plaintiff sought damages alleging that the search warrant was based upon an affidavit containing false statements and, therefore, the search and seizure of property, which defendants failed to return, was unreasonable. Plaintiff contended in both complaints that defendants' actions violated his constitutional rights under the Second, Fourth, Fifth, Ninth, and Fourteenth Amendments.
 
 
 6
 After holding a telephone hearing the district court granted defendants' motions to dismiss. With regard to the federal defendants, the district court determined that plaintiff's allegations were very general and that plaintiff had cited no authority to support his bringing a Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), action under the Second, Fifth, Ninth, and Fourteenth Amendments. Additionally, the district court concluded that plaintiff was collaterally estopped from challenging the validity of the federal search warrant because he had a full and fair opportunity to litigate that issue at the suppression hearing in his criminal proceedings.[2] With regard to the state defendants, the district court determined that plaintiff's complaints alleged only their participation in the execution of the search warrants. Because plaintiff did not allege any facts supporting a cause of action against the state defendants, the district court concluded that those allegations were without merit. As to all defendants, the district court concluded that plaintiff failed to state a claim upon which relief could be granted.
 
 
 7
 We have also considered plaintiff's assertion that the district court erred in denying his motion to amend. Fed.R.Civ.P. 15(a). Under the facts of this case, when the plaintiff had early notice of possible deficiencies in his complaints and then failed to seek leave to amend in the manner provided in the federal rules, the district court did not abuse its discretion in refusing to allow an amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir.1994). We agree with the analysis of the district court in its order of July 26, 1993, and affirm for substantially the reasons stated therein.
 
 
 8
 AFFIRMED. The mandates shall issue forthwith.
 
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After one week of trial, plaintiff entered into a plea agreement and was convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. 848. As part of the plea he agreed to forfeit all of his property, including firearms. The district court's judgments in plaintiff's appeals from his criminal proceedings, case No. 93-8000 (appeal from order of forfeiture) and No. 93-8001 (appeal from sentence), are also affirmed today