69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sina BRUSH, individually; and Aissa Morales, a minor, by
and through her mother, guardian and next friend
Sina Brush, Plaintiffs-Appellants,
v.
Edward RINNE; Jackie Boaz; David Montoya; Raymond Bly;
Chris Hoover; Jay Rogers; Jason Bradford;
Alcohol Tobacco and Firearms Agents does
I through V; Eddie Young,
Defendants-Appellees.
and
Jeff Campbell; Bill Richardson; New Mexican National
Guardsmen does I through XXX, Defendants.
 No. 94-2269.
(D.C. No. CIV-92-316 LH/JHG).
 United States Court of Appeals, Tenth Circuit.
 Oct. 31, 1995.
 
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this qualified immunity case, plaintiffs Sina Brush, individually, and Aissa Morales, a minor, by and through her mother, guardian and next friend, appeal the district court's denial of their post-judgment motion to conduct limited discovery or to amend their complaint against defendants Edward Rinne, Jackie Boaz, David Montoya, Raymond Bly, Chris Hoover, Jay Rogers, Jason Bradford, Eddie Young and Alcohol, Tobacco and Firearms Agents Does I through V. We affirm.
 
 
 3
 Plaintiffs brought a Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) action against defendants alleging they improperly obtained and executed a search warrant in violation of plaintiffs' Fourth Amendment rights. The federal defendants moved to dismiss plaintiffs' complaint on the basis of qualified immunity under Fed.R.Civ.P. 12(b)(6). Defendants requested, and obtained, a stay of discovery pending resolution of the motion to dismiss.
 
 
 4
 The district court dismissed the complaint against all of the named and unnamed federal defendants. It ruled that there was no allegation any of the federal defendants, except for defendant Rinne, participated in the application for the search warrant and, therefore, those defendants could not be liable for any lack of probable cause. The district court also ruled that defendant Rinne was entitled to qualified immunity because plaintiffs' complaint, accepted as true, did not allege facts which would constitute a violation of a clearly established law.
 
 
 5
 Plaintiffs then filed a "Motion and Memorandum for Rehearing and Limited Discovery or Leave to File Amended Complaint." Appellant's App. 102. The district court denied the motion, ruling it was untimely and without merit. Plaintiffs assert the district court erred in ruling the motion was untimely and abused its discretion in denying them leave to conduct additional discovery or to amend their complaint.
 
 
 6
 It does appear from the record that plaintiffs' motion was timely filed in accordance with Fed.R.Civ.P. 59(e), which defendants do not dispute in their appellate brief. Thus, we turn to plaintiffs' remaining contentions.
 
 
 7
 We review the district court's decision whether to reopen discovery for abuse of discretion. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990). The decision to grant leave to amend a complaint, after the permissive period, is also within the trial court's discretion and will not be disturbed on appeal absent an abuse of that discretion. Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir.1994).
 
 
 8
 When government officials are performing discretionary functions, they are immune from liability for their conduct unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is an important protection against "subjecting government officials 'either to the costs of trial or to the burdens of broad-reaching discovery' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(quoting Harlow, 457 U.S. at 817-18). For this reason, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526; Workman v. Jordan, 958 F.2d 332, 336 (10th Cir.1992).
 
 
 9
 Here, plaintiffs' complaint was insufficient to show that any of the defendants violated a clearly established law or constitutional right. Permitting plaintiffs to conduct discovery in the absence of such a showing "would defeat the rationale for the qualified immunity defense." Sawyer v. County of Creek, 908 F.2d 663, 668 (10th Cir.1990). Accordingly, the district court did not abuse its discretion in denying plaintiffs' request to reopen discovery after its judgment of dismissal was entered. See Mitchell, 472 U.S. at 526; Sawyer, 908 F.2d at 668.
 
 
 10
 Nor did the district court abuse its discretion in denying plaintiffs' leave to amend their complaint after its judgment of dismissal. Plaintiffs did not attempt to amend their complaint prior to the district court's dismissal of the complaint, at which time the motion to dismiss put them on notice of the possible deficiencies in their complaint and they could have amended it without requesting or receiving leave of the court. Fed.R.Civ.P. 15(a). Plaintiffs did not attempt to offer any new evidence unavailable at the time of the original filing or explain their failure to amend their complaint earlier. See Pallottino, 31 F.3d at 1027. Although the district court did not specify why plaintiffs' motion to amend was without merit, its reasons for the refusal are clear from the record. Id.
 
 
 11
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470