**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL R. VIOTTI,

       Plaintiff-Appellant,

v.

UNITED STATES AIR FORCE,

       Defendant-Appellee.

No. 97-1371
(D.C. No. 93-K-2529)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Paul R. Viotti, appearing pro se, appeals the district court's entry of judgment as a matter of law, pursuant to Fed. R. Civ. P. 52(c), in favor of the United States Air Force (USAF) on his claims under the Privacy Act of 1974, 5 U.S.C. § 552a. We affirm.

## BACKGROUND

In 1991, the plaintiff-appellant was a full colonel in the USAF and acting head of the political science department at the USAF Academy in Colorado Springs, Colorado. In the summer of that year, Major Phil Davis, another faculty member, obtained copies of Colonel Viotti's travel vouchers and a multi-year summation of his temporary duty assignment travel. Based on these documents and personal impressions, Major Davis, along with a group of colleagues, drafted a complaint alleging fraud, waste, and abuse in Colonel Viotti's travel practices.

In August 1991, Brigadier General Ruben A. Cubero, dean of the faculty, directed Colonel Patrick W. English to conduct a formal inquiry into the allegations, under the auspices of the Air Force Inspector General. The inquiry could have resulted in the filing of criminal and administrative charges.

Colonel English reviewed the travel documents and conducted taped interviews of selected department members, including Colonel Viotti. To elicit the reactions of the interviewees, he disclosed information contained in the travel documents. Throughout the investigation, Colonel Viotti and his counsel

-2-

expressed concerns about Colonel English's techniques, qualifications, and fairness.

On October 31, 1991, Colonel English submitted a Report of Inquiry to General Cubero. The report included travel documents, interview transcripts, Colonel Viotti's written response and supporting exhibits, and Colonel English's findings and conclusions. After reviewing the report, General Cubero decided not to pursue the travel allegations. He determined, however, that there were serious morale problems in the political science department, which he attributed to Colonel Viotti's lack of leadership and judgment. He relieved Colonel Viotti from duty as acting head of the department, effective January 1992, and recommended him for early retirement, approximately four years before his mandatory retirement date. Colonel Viotti was involuntarily retired from active duty effective September 1, 1992.

Colonel Viotti filed suit, alleging that the USAF violated the Privacy Act by (1) improperly refusing to amend or expunge records which were inaccurate or incomplete; (2) relying on the erroneous records to force his retirement; and (3) disclosing information retrieved from the records.[1]  Colonel Viotti sought

---

[1]     Colonel Viotti also alleged that the USAF improperly denied him access to the Report of Inquiry. On this claim, the district court granted summary judgment in Colonel Viotti's favor. See Viotti v. United States Air Force, 902 F. Supp. 1331, 1336-37, 1338 (D. Colo. 1995). The USAF complied with this ruling.

amendment or expungement of the Report of Inquiry and damages. After Colonel

Viotti, through counsel, presented his evidence during a trial without a jury, the

district court entered judgment in favor of the USAF. In his pro se appeal,

Colonel Viotti asserts that the court erred in entering judgment and also by

denying a motion to amend his complaint.

## DISCUSSION

The Privacy Act is not designed for judicial review of the fairness of an

agency proceeding or the wisdom of its decisions. Rather, the Act "governs the

government's collection and dissemination of information and maintenance of

its records [and] generally allows individuals to gain access to government

records on them and to request correction of inaccurate records." Gowan v.

United States Dep't of the Air Force, No. 96-2134, 1998 WL 399859, at *3

(10th Cir. July 17, 1998).

As we explained in Gowan,

[the] Act provides four causes of action:  first, for an agency's
failure to review the denial of an amendment or to attach a statement
of disagreement, see 5 U.S.C. § 552a(g)(1)(A); second, for an
agency's denial of access to records, see 5 U.S.C. § 552a(g)(1)(B);
third, for an agency's failure to maintain its records with accuracy,
relevance, timeliness, and completeness to assure fairness in
determinations, see 5 U.S.C. § 552a(g)(1)(C); and fourth, for an
agency's failure to comply with any other Privacy Act provision
which causes an "adverse effect on an individual," see 5 U.S.C.
§ 552a(g)(1)(D).  For the first two causes of action the court may
award injunctive relief, and, if the plaintiff has "substantially

-4-

prevailed," it may also award attorney's fees and costs. See 5 U.S.C. §§ 552a(g)(2), (g)(3). For the third and fourth causes of action, if the court determines the agency acted intentionally and willfully, it may award damages, attorney's fees, and costs. See 5 U.S.C. § 552a(g)(4).

Id. at *4.

The district court's legal construction of the Privacy Act is subject to de novo review, "while its factual findings concerning the acts and motivations of [defendant] are reviewed under the clearly erroneous standard of Fed. R. Civ. P. 52." Hudson v. Reno, 130 F.3d 1193, 1198 (6th Cir. 1997), petition for cert. filed, 66 U.S.L.W. 3791 (U.S. June 8, 1998) (No. 97-1987).

### A.   Refusal to amend or expunge the Report of Inquiry

The Privacy Act "authorizes the district court to undertake *de novo* review of the agency's amendment decision and to order the agency to amend the challenged records where appropriate." Doe v. FBI, 936 F.2d 1346, 1350 (D.C. Cir. 1991) (citing 5 U.S.C. § 552a(g)(2)(A)). The Act, however, "permits agencies to exempt certain systems of records from some of its requirements." Id. at 1351. An agency may exempt a system of records containing "investigatory material compiled for law enforcement purposes." 5 U.S.C. § 552a(k)(2). The

USAF has promulgated regulations exempting Inspector General records. See

Gowan, 1998 WL 399859, at *5; see also 32 C.F.R. pt. 806(b), app. C, § (b)(12).[2]

The challenged record here is the Report of Inquiry, compiled under the

auspices of the Inspector General after an investigation into allegations of fraud,

waste, and abuse. It is properly exempt from the amendment provisions of the

Privacy Act. See Gowan, 1998 WL 399859, at *5; Viotti, 902 F. Supp. at 1335.

Accordingly, the district court was correct in concluding that Colonel Viotti has

no Privacy Act cause of action to require the USAF to amend or expunge the

Report of Inquiry.

**B.** **Maintenance of inaccurate records**

A second claim is that, by maintaining the Report of Inquiry, the USAF

violated § 552a(e)(5), which requires agencies to "maintain all records which are

used by the agency in making any determination about any individual with such

accuracy, relevance, timeliness, and completeness as is reasonably necessary to

assure fairness to the individual in the determination." To succeed on such

a claim, Major Viotti must show that:

---

[2]     The USAF exemption incorporates the exception to the disclosure
provisions required by statute, so that a release of a record to a person "'denied
any right, privilege, or benefit'" is permitted. See Viotti, 902 F. Supp. at 1335
(quoting 5 U.S.C. § 552a(k)(2)). The exemption does not make a corresponding
exception to the amendment provisions. See 32 C.F.R. Pt. 806b, App. C,
§ (b)(12)(i).

(1) he has been aggrieved by an adverse determination; (2) the agency failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the agency acted intentionally or willfully in failing to maintain accurate records.

Gowan, 1998 WL 399859, at *10 (quotation omitted).

The district court found that Colonel Viotti failed to establish the third element, or the "necessary causal relationship between the allegedly erroneous report and the adverse determination based on the report." R., Vol. V at 433. The "few facts which have been shown to be incomplete or inaccurate have not been causally related to the early retirement and the recommendation of General Cubero." Id. at 436. The record provides no reason to disturb this finding.

C. **Improper disclosures**

Finally, Colonel Viotti asserts that the USAF violated § 552a(b) by releasing his travel documents to Major Davis and by disclosing travel information during witness interviews. Under § 552a(b), "agencies are prohibited from 'disclos[ing] any record which is contained in a system of records by any means of communication to any person, or to another agency,' unless they have the written consent of the individual to whom the record pertains or the disclosure fits one of twelve listed exceptions." Gowan, 1998 WL 399859, at *10. One of the exceptions permits disclosure "to those officers and employees of the agency

which maintains the record who have a need for the record in the performance of their duties." 5 U.S.C. § 552a(b)(1).

Colonel Viotti's claim concerning the disclosures to Major Davis was made, for the first time, in a proposed third amended complaint. The district court denied the motion to amend on the grounds that it was untimely and prejudicial to the defense. The court found that allowing the amendment would have required extending pretrial deadlines and postponing the scheduled trial. See R., Vol. II at 10-11. Additionally, Major Davis was no longer in the USAF, and there was some question as to his location. Under these circumstances, the district court did not abuse its discretion in denying the motion to amend. See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994).

Concerning the disclosures during interviews of department members, the district court found that Colonel English was acting in a good faith belief that background information was a necessary frame for his questions. See R., Vol. V at 435. Therefore, the court concluded, they were proper intra-agency disclosures to persons with a need for the information. The district court's factual finding is not clearly erroneous and, consequently, its legal conclusion is correct.

## CONCLUSION

For the reasons stated above, the judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge