**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RANDY BIGGS,

      Plaintiff-Appellant,

v.

LOGAN COUNTY BOARD OF
COUNTY COMMISSIONERS,
and/or Logan County, Oklahoma,
a political subdivision of the State
of Oklahoma,

      Defendant-Appellee.

No. 99-6251
(D.C. No. CIV-97-1439-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's grant of summary judgment to defendant Board of County Commissioners on his claims for unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 216, and his claim for gender discrimination under Title VII, 42 U.S.C. §§ 2000e-2000e-17. Plaintiff also appeals the district court's denial of leave to amend the complaint to assert a claim for retaliation under the FLSA.

In a well-reasoned order, the district court concluded that plaintiff, who was a deputy sheriff and undersheriff of Logan County during the relevant period, was not entitled to compensation for overtime under the FLSA because the undisputed evidence showed he fell within the FLSA's exception for personal staff of an elected official (the sheriff). *See* 29 U.S.C. § 203(e)(2)(C)(i), (ii)(II); *see also Nichols v. Hurley*, 921 F.2d 1101, 1110-14 (10th Cir. 1990) (concluding plaintiff deputy sheriffs and undersheriffs of two Oklahoma counties fell within personal staff exception to FLSA under evidence presented). Likewise, the court concluded that plaintiff was not entitled to relief under Title VII because of a similar personal staff exception in that statute. *See* 42 U.S.C. § 2000e(f). Therefore, the district court granted summary judgment to defendant on both claims.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). *See*

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361 (10th Cir. 1993). In applying this standard, "[w]e view the evidence in a light most favorable to the nonmovant. However, it is not enough that the nonmovant's evidence be merely colorable or anything short of significantly probative; the nonmovant must come forward with specific facts showing a genuine issue for trial." *Id.* (citations and quotations omitted). Based upon our review of the record, the parties' briefs, and the pertinent law, we conclude the district court correctly granted summary judgment to defendant on plaintiff's claims for uncompensated overtime under the FLSA and for gender discrimination under Title VII based on those statutes' respective personal staff exceptions.

In his complaint, plaintiff also asserted a claim under 42 U.S.C. § 1983 for retaliation in violation of his First Amendment rights. In response to defendant's motion for summary judgment, however, plaintiff said he believed "his retaliation claim is more appropriately brought under [Section 215(a) of the FLSA] than as a Section 1983 action. Therefore, if necessary, the Plaintiff seeks to amend his complaint to assert his claim for retaliation under 29 U.S.C. § 215(a)(3)." Appellant's App. at 188-89. The district court interpreted plaintiff's statements as a concession that his "complaint about failure to receive overtime compensation does not qualify as an expression of public concern protected by the First Amendment," and as a withdrawal of plaintiff's § 1983 claim. *Id.* at 325.

The court further construed plaintiff's statements as a request to amend the complaint pursuant to Fed. R. Civ. P. 15, which the court denied. The court concluded that plaintiff's request to amend was untimely, that plaintiff had given no reason for his undue delay, and, in any event, that the amendment would be futile.

We review the district court's denial of leave to amend for an abuse of discretion. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). "We have often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Id.* (quotation omitted). Likewise, denial is appropriate "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Id.* (quotation omitted).

The proposed amendment was not based on facts that were unavailable at the time the complaint was filed sixteen months earlier. Rather, the amendment proposed a theory that plaintiff did not choose to advance until after defendant showed plaintiff's original theory was fatally flawed.

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. . . . Much of the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Id.* (quotation omitted).  The district court did not abuse its discretion in denying plaintiff's motion to amend his complaint.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED for substantially the reasons set forth by the district court in its Order of May 26, 1999.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge