FILED
United States Court of Appeals
Tenth Circuit

August 16, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL D. LEATHERWOOD,

    Plaintiff - Appellant,

v.

HECTOR RIOS, Warden, Lawton
Correctional Facility, in his official
capacity; MICHAEL BERG, Assistant
Warden, Lawton Correctional Facility, in
his official and individual capacities;
Mr. QUIROGA, Keefe Commissary
Manager at Lawton Correctional Facility;
KEEFE COMMISSARY NETWORK,
LLC, an affiliate of the Keefe Group,

    Defendants - Appellees.

No. 16-6370
(D.C. No. 5:15-CV-00767-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Plaintiff-Appellant Michael D. Leatherwood, a state inmate appearing pro se,

appeals the district court's dismissal of his civil rights complaint and its denial of his

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion to file a third amended complaint. Exercising jurisdiction under 28 U.S.C.
§ 1291, we affirm.

## BACKGROUND

Leatherwood is an inmate at Lawton Correctional Facility ("LCF"), a privately
owned and operated prison that houses medium-security inmates under contract with
the Oklahoma Department of Corrections ("DOC"). He asserts claims pursuant to
42 U.S.C. § 1983 and § 1985 against defendants Rios and Berg, LCF's warden and
assistant warden, respectively (collectively "LCF Defendants"), and Keefe
Commissary Network, L.L.C. ("Keefe") and Keefe employee and LCF commissary
manager Quiroga (collectively "Keefe Defendants"), based on their alleged
responsibility for the commissary at LCF. Leatherwood claims defendants violated
his constitutional rights and conspired to do so because the LCF commissary offers
fewer items and charges a higher price for those items than commissaries located in
medium-security prisons operated by the DOC. As a result, Leatherwood contends,
his arbitrary assignment to the LCF, rather than to a DOC-operated medium-security
prison, has resulted in him receiving disparate treatment in commissary services in
violation of his right to equal protection and due process under the United States
Constitution.

The LCF and Keefe Defendants filed separate motions under Federal Rule of
Civil Procedure 12(b)(6) to dismiss the claims against them for failure to state a
claim. The district court referred the motions to the magistrate judge, who
recommended that the court grant the motions. Leatherwood timely objected to the

2

recommendation with respect to some of his claims, and at the same time filed a motion for leave to file a third amended complaint intended to remedy the pleading defects identified by the magistrate judge. The district court adopted the magistrate judge's report and recommendation in its entirety, granted the LCF Defendants' motion to dismiss with prejudice and the Keefe Defendants' motion without prejudice, and denied all pending motions, including Leatherwood's most recent motion to amend, as moot. This appeal followed.

## DISCUSSION

In her recommendation, the magistrate judge construed Leatherwood's complaint as asserting equal protection, substantive due process, and conspiracy claims against defendants under § 1983 and a conspiracy claim under § 1985. Leatherwood did not address dismissal of the § 1983 due process and § 1985 conspiracy claims in his objections to the magistrate judge's recommendation or his briefing to this court, and thereby waived appellate review of the district court's dismissal of these claims. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (holding that failure to timely object to magistrate judge's findings and recommendation generally waives appellate review); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (stating that omitting issue in opening brief generally forfeits appellate review). Accordingly, we limit our review to whether the

3

district court properly dismissed Leatherwood's § 1983 equal protection and conspiracy claims for failure to state a claim.[1]

We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). In our review of the operative complaint,[2] we accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not meet this standard. *Id.* (internal quotation marks omitted). While we liberally construe the filings of a pro se plaintiff, our relaxed scrutiny "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] We also do not address the Keefe Defendants' request that we remand with directions for the district court to dismiss the claims against them with prejudice. In the absence of a cross-appeal by these defendants, we will not consider their effort to diminish Leatherwood's rights under the district court's judgment. *See, e.g., Weber v. GE Grp. Life Assurance Co.*, 541 F.3d 1002, 1008 (10th Cir. 2008).

[2] The operative complaint is Leatherwood's First Amended Civil Rights Complaint, filed April 5, 2016.

## A.  Equal Protection Claim

To state a claim under 42 U.S.C. § 1983, Leatherwood must establish that

(1) he was deprived of a right secured by the Constitution or federal law, and (2) the

deprivation was caused by a person or persons acting under color of state law.

*See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143

(10th Cir. 2014).

With respect to the first element of his § 1983 claims, Leatherwood contends

his right to equal protection has been violated because he has to pay higher prices for a

lesser selection of items at the LCF commissary than similarly situated medium-security

inmates at commissaries in DOC-operated prisons.  Taking these allegations as true, and

assuming that such disparate treatment could rise to the level of a constitutional

violation,[3] we agree with the magistrate judge and district court that Leatherwood failed

to state an equal protection claim against defendants.  While he alleges that each

defendant is "directly responsible" for commissary operations at LCF, R., Vol. II

at 161-62, he fails to allege that any of them have authority over the availability or

pricing of items offered at commissaries in medium-security prisons operated by the

---

[3]  This is a significant assumption because, as Leatherwood acknowledges, the ability to purchase items at a prison commissary is a privilege, not a right, Aplt. Br. at 4; *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (stating there is no constitutional right to purchase food from a prison commissary), and he is not a member of a suspect class, Aplt. Br. at 4.  As a result, his claim is subject to rational basis scrutiny and will fail "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) (internal quotation omitted).

5

DOC. And without this authority, defendants cannot have treated Leatherwood differently from similarly situated medium-security inmates in DOC-operated prisons.

We considered a similar situation in *Citizen Center v. Gessler*, 770 F.3d 900 (10th Cir. 2014), a case in which the plaintiff asserted a § 1983 equal protection claim against individual county clerks for inter-county disparities in balloting processes. *Id.* at 917-18. We held that the plaintiff had failed to state this claim against the clerks because each clerk had authority only over the balloting process in his or her jurisdiction. *Id.* at 918-19. "With this limitation of authority, none of the county clerks could have violated the Equal Protection Clause by failing to match what another clerk had done in a different county." *Id.* at 919. The same is true here: In the absence of allegations that the LCF and Keefe Defendants had authority over item availability and pricing in commissary operations in DOC-operated prisons, these defendants cannot have violated the Equal Protection Clause by failing to match what other commissary operators have done in DOC-operated prisons. As Leatherwood also has not alleged that the LCF and Keefe Defendants treated him differently from other LCF inmates in their commissary operations, he has failed to state a claim that defendants deprived him of his right to equal protection through their operation of the LCF commissary. *See id.* at 919.

**B. Conspiracy Claim**

To state a conspiracy claim under § 1983, a plaintiff must plead that he was deprived of a constitutional right as a result of a conspiracy comprised of or including conspirators acting under color of state law. *See Dixon v. City of Lawton*, 898 F.2d 1443, 1449 & n.6 (10th Cir. 1990) (stating elements and holding that state action element is

6

satisfied when private actors conspire with a state actor).  In pleading the conspiracy element, "conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) (internal brackets and quotation marks omitted); *see also Ashcroft*, 556 U.S. at 678 (stating that complaint must do more than recite elements of claim).  Instead, the plaintiff must allege "specific facts showing an agreement and concerted action amongst the defendants."  *Brooks*, 614 F.3d at 1228 (internal quotation marks omitted).

Leatherwood failed to state a § 1983 conspiracy claim under this standard for at least two reasons.  First, as described above, he failed to establish the existence of a constitutional violation as necessary to state this claim.  *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995).  Second, his allegations regarding the alleged conspiracy are conclusory and devoid of the requisite specific facts showing agreement and concerted action by the LCF and Keefe Defendants.[4] *See Brooks*, 614 F.3d at 1228.  We therefore conclude that Leatherwood failed to state a § 1983 conspiracy claim.[5]

---

[4] Neither the magistrate judge nor the district court addressed this issue, but we may rely on it to affirm the district court's judgment.  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (holding that we may affirm on any basis supported by the record).

[5] The magistrate judge and district court also determined the amended complaint did not sufficiently show that the Keefe Defendants acted under color of state law in operating the LCF commissary, and relied in part on this finding to dismiss the § 1983 claims against these defendants.  We need not consider this finding or the district court's reliance on it in light of our conclusion that Leatherwood's § 1983 claims are subject to dismissal on other grounds.

**C. Denial of Motion for Leave to File Third Amended Complaint**

Whether to grant leave to amend a complaint under Fed. R. Civ. P. 15(a) once the permissive period for amendment has passed is a matter left to the trial court's discretion, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), and "we will not reverse the court's decision absent an abuse of discretion." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). Under this standard, we will only disturb the district court's decision if we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Nieto v. Kapoor*, 268 F.3d 1208, 1221 (10th Cir. 2001) (internal quotation omitted). Because the rule provides that leave should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a), denial of leave is generally justified only for "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previous allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

We find no abuse of discretion in the district court's denial of Leatherwood's motion to file a third amended complaint. As relevant here, in his motion Leatherwood sought to amend his complaint (1) to name DOC Director Joe Allbaugh as a defendant and participant in the alleged conspiracy to deprive Leatherwood of his right to equal protection and (2) to add allegations intended to show that the Keefe Defendants were acting under color of state law in operating the LCF commissary. Leatherwood waited to file the motion until after the magistrate judge had

8

recommended that his already once amended complaint be dismissed, and admits that his proposed amendments were prompted by the magistrate judge's recommendation. *See* R., Vol. IV at 241-42.

The basis for the district court's denial, that the motion to amend was moot, is essentially a finding that the motion was untimely. In this circuit, untimeliness alone may be a sufficient basis for denial of leave to amend, especially when the party filing the motion does not have an adequate explanation for the delay. *Frank*, 3 F.3d at 1365-66; *see also Minter*, 451 F.3d at 1206. Leatherwood's action had been pending for 16 months at the time he filed his third motion for leave to amend. He had conducted extensive discovery and, based on new information received in discovery, been granted leave to file an amended complaint adding the Keefe Defendants to the action. The only substantive reason he gave for seeking additional amendments seven months later was the need to address the magistrate judge's "unforeseeable" reliance on *Gessler* to recommend dismissal. R., Vol. IV at 242. This explanation is inadequate on its face, especially in light of the LCF Defendants' reliance on *Gessler* in their motion to dismiss filed five months earlier and Leatherwood's response to this argument in opposing that motion. *See Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) (affirming denial of leave to amend where "plaintiffs offer[ed] no explanation for their 14–month delay other than the dubious assertion that until the district court's ruling at the pre-trial conference, they had no idea an amendment was necessary" (internal brackets and quotation marks omitted)).

9

Leave to amend may also be denied for undue delay when the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend. *See Frank*, 3 F.3d at 1366. Leatherwood does not assert that his proposed amendments were based on newly learned facts. In fact, it appears that these amendments were based on information acquired during the discovery he had completed months earlier. As Leatherwood knew or should have known of the facts upon which the proposed amendment is based but failed to include them in his original or first amended complaint, the motion to amend is subject to denial. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

In addition, we note that Leatherwood named another DOC official in his initial and first amended complaints, demonstrating that he believed from the start that the DOC was a participant in the alleged conspiracy to deprive him of his constitutional rights. Leatherwood opted to dismiss this DOC official from this action three months before seeking leave to bring the DOC back into the action by naming the DOC Director as a defendant. "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotation omitted). We conclude the district court did not abuse its discretion in denying Leatherwood's third motion to amend.

10

For the reasons stated above, we affirm the district court's dismissal of Leatherwood's complaint and denial of his motion to file a third amended complaint.

Entered for the Court


Carolyn B. McHugh
Circuit Judge