**Lynn K. CASSIDY and Susan K. Ball, Plaintiffs–Appellants,**

v.

**Earl Dean SMITH, Defendant–Appellee.**

No. 88CA1754.

Colorado Court of Appeals, Div. II.

March 28, 1991.

Rehearing Denied May 16, 1991.

Certiorari Denied Sept. 16, 1991.

Kavanaugh, Celeste and de Stigter, Alice M. de Stigter, Charles Welton & Associates, P.C., Charles Welton, Denver, for plaintiffs-appellants.

Long & Jaudon, P.C., Frederick W. Long, Denver, for defendant-appellee.

Cathryn L. Hazouri, Denver, Sarah E. Burns, Sally F. Goldfarb, Lynn Hecht Schafran, New York City, for amici curiae NOW Legal Defense and Educ. Fund, American Ass'n for Marriage and Family Therapy, American Civil Liberties Union Foundation of Colorado, Ass'n for Women in Psychology, Colorado Ass'n for Sex Therapy, Colorado Coalition Against Sexual Assault, Colorado Dist. Attys. Council, Colorado Organization for Victim Assistance, Denver Victim Assistance and Law Enforcement Bd., Ending Violence Effectively, Inc., Equal Rights Advocates, Massachusetts Soc. for the Prevention of Cruelty to Children, Natl. Ass'n of Social Workers, Natl. Coalition Against Domestic Violence, Natl. Organization for Victim Assistance, Inc., Natl. Victim Center, Natl. Women's Health Network, Northwest Women's Law Center, Project Safeguard, Rape Assistance and Awareness Program, Trial Lawyers for Public Justice, Women's Action Alliance, Women's Equal Rights Legal Defense and Educ. Fund, and Women's Legal Defense Fund.

Opinion by Judge SMITH.

Plaintiffs, Lynn K. Cassidy and Susan K. Ball, appeal the summary judgment, based on a C.R.C.P. 12(b) motion, dismissing their claims for outrageous conduct, negligence, and negligent infliction of emotional distress and imposing sanctions on plaintiffs' counsel to pay the costs and attorney fees incurred by defendant. We reverse in part and affirm in part.

The basis of plaintiffs' complaint was that defendant, a trusted family advisor and their "surrogate father," sexually abused them during their childhood. This abuse allegedly consisted of defendant engaging in sexual intercourse with both plaintiffs beginning when Cassidy was seventeen and Ball was fifteen and continuing for some time thereafter. Cassidy and Ball were, at the time of instituting this action in 1988, thirty-three and thirty years of age respectively. Both had attended college and Cassidy eventually married before the action was begun.

According to plaintiffs' affidavits, filed in opposition to the motion to dismiss filed by defendant, defendant told them both to keep their sexual relationship a secret because if the relationship was revealed, defendant could be harmed and plaintiffs' mother would suffer greatly. The affidavits also indicate that defendant informed plaintiffs that there was "nothing wrong" with this relationship but that other people would not understand. Plaintiffs stated that they did not divulge the relationship to anyone until they were confronted by their mother in 1985.

The affidavits further indicate that the defendant's last sexual contact with Cassidy was in 1985 and with Ball in 1983 or 1984.

The trial court granted defendant's motion to dismiss solely on the basis that the claims were barred by the two-year statute of limitations set out in § 13–80–102, C.R.S. (1987 Repl.Vol. 6A.) It concluded, based on the pleadings and the affidavits submitted to it, that plaintiffs knew or should have known of the existence of any injury they sustained as a result of defendant's wrongful or tortious acts either before or at the time of their attainment of majority. The trial court further concluded that plaintiffs were thus required to bring their claims against defendant within two years of obtaining majority. It assessed attorney fees against plaintiffs' attorneys for having brought a frivolous lawsuit.

I.

■ Plaintiffs first argue that the trial court erred in granting defendant's motion to dismiss based on its determination that the statute of limitations expired two years after the plaintiffs reached their majority. They assert that the court should have applied a six-year statute of limitations to their claims. We agree the trial court erred in applying § 13–80–102, C.R.S. (1987 Repl.Vol. 6A), rather than the six-year statute of limitations that was applicable to tort actions prior to July 1, 1986.

For many years prior to July 1, 1986, the statute of limitations applicable to negligence and outrageous conduct actions provided that such actions were barred if not brought within six years of the time that they accrued. *See* § 13–80–110, C.R.S. Effective July 1, 1986, that limitation period was reduced to two years. *See* § 13–80–102, C.R.S. (1987 Repl.Vol. 6A). On appeal, both parties agree that all of the plaintiffs' claims arose prior to July 1, 1986, and, therefore, the period permitted by statute for plaintiffs' claims to be asserted was six years. *See Colo.Sess.Laws 1986*, ch. 114 at 706.

Plaintiffs' affidavits state that defendant had sexual contact with each of them within six years of the filing of the complaint and that such contacts represented outrageous conduct and caused them mental distress. As to such incidents, no statute of limitations defense may be asserted.

■ Even though plaintiffs' complaint did not make specific reference to the episodes occurring within this time frame, we determine that defendant was sufficiently on notice as to the ongoing nature of these claims over a prolonged period of time, and therefore, plaintiffs should be permitted to amend their original complaint to identify those specific sexual incidents with defendant which occurred within six years prior to the filing of the lawsuit. *See Zertuche v. Montgomery Ward & Co.*, 706 P.2d 424 (Colo.App.1985).

## II.

■ As to their remaining claims, plaintiffs rely solely on the discovery rule; they contend that no statute of limitations commenced to run until they had discovered or reasonably should have discovered all the elements of their causes of action. They argue that this did not occur until after 1985 when their mother confronted them concerning their sexual relations with defendant and urged that they commence therapy. They contend their affidavits and those of their therapists create a material question of fact as to when they discovered their injuries and the cause thereof and, consequently, that the trial court erred in granting defendant's motion to dismiss. We disagree.

Plaintiffs essentially argue that they were unaware of the wrongful nature of the acts, the resulting damage from the acts, and the causal relationship between the two. However, the record supports the trial court's conclusion that plaintiffs were on adequate notice of the essential elements of the tort at the time they reached their majority. *See Mastro v. Brodie*, 682 P.2d 1162 (Colo.1984).

Here, the sexual intercourse between plaintiffs and defendant began when Ball was fifteen and Cassidy was seventeen. Thus, under any analysis, the statute of limitations was tolled for each until she reached the age of eighteen. *See* § 13–81–103, C.R.S. (1987 Repl.Vol. 6A). The question thus becomes whether the plaintiffs remained unaware of "both the injury and its cause," *see* § 13–80–108, C.R.S. (1986 Repl.Vol. 6A), after their majority such that no cause of action accrued until less than six years before their action was filed.

Plaintiffs' affidavits reveal that, from the time the incidents began, there was a negative impact upon their emotional well-being which indicated psychological problems and guilt were being caused by this relationship. Cassidy admitted in her affidavit that, while the relationship with defendant was ongoing, she experienced pain and despair, alienation from her peers, parents, and sisters, and led a divided and compartmentalized life. The affidavit of Cassidy's psychotherapist indicates that, beginning at the same time as the relationship with defendant, Cassidy became bewildered, ashamed, and angry. Ball's affidavit indicates that at the time of these incidents she felt weird and confused. Both admit that, during the period when these acts occurred, they were told that the activity was improper, that it was not considered appropriate conduct by others, and that it was illegal. Also, plaintiffs are college-educated and, after reaching their majority, spent a significant period of time away from defendant.

Under these circumstances and based on these undisputed facts and admissions contained in plaintiffs' own affidavits, we conclude, as a matter of law, that plaintiffs were aware of the wrongful nature of defendant's acts and that they had sufficient knowledge concerning the existence of resulting psychological harm that the statute of limitations began to run when they achieved their majority. *See Nitka v. Bell,* 29 Colo.App. 504, 487 P.2d 379 (1971); and *E.W. v. D.C.H.,* 231 Mont. 481, 754 P.2d 817 (1988)

Since plaintiffs' counsel have presented substantial legal arguments in support of their position that the statute of limitations had not expired for acts which occurred more than six years prior to the filing of the complaint and since it appears certain acts did occur within six years prior to the statute of limitations, we reject the trial court's holding that this was a frivolous action and, accordingly, reverse the award of attorney fees.

The judgment of dismissal is affirmed as to those claims premised on acts occurring more than six years before the complaint was filed. The judgment is reversed as to those claims based on acts occurring within that period, and the cause is remanded for further proceedings on those claims. The trial court's award of attorney fees is reversed.

MARQUEZ, J., concurs.

DUBOFSKY, J., dissents.

Judge DUBOFSKY dissenting.

I respectfully dissent.

Under the discovery rule, an action only accrues when the essential aspects of the tort (wrongful conduct, injury, and causation) are known or should have been known to the plaintiffs by the exercise of reasonable diligence. *Mastro v. Brodie,* 682 P.2d 1162 (Colo.1984). This discovery rule is intended to prevent injustices which would result from a literal application of the statute of limitations. *See Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982 (1957); § 13–80–108, C.R.S. (1987 Repl.Vol. 6A). A corollary of this underlying policy is the principle that, in all but the clearest of cases, the jury should decide whether plaintiffs' claims are barred under the discovery rule. *Davis v. Bonebrake, supra.*

In my view, here, there are factual disputes as to when plaintiffs learned of their injuries and their likely cause by their sexual relationships with defendant. Although the plaintiffs' affidavits indicate they were aware of some psychological problems when these sexual relationships began, the record is silent as to whether these initial problems continued with the plaintiffs past the age of majority. The fact that plaintiffs experienced some initial psychological problems from having sexual relationships with defendant does not, as a matter of law, give them notice that these relationships would result in subsequent serious psychological problems that were causally related to their prior sexual relationships with defendant. Indeed, plaintiffs' affidavits demonstrate that they were unaware of the true nature and extent of their serious psychological problems until they received therapeutic treatment in the mid–1980's.

Under our discovery rule, before a plaintiff is charged with knowledge of the nature of an injury, the evidence must demonstrate that the plaintiff had an appreciation of the extent, severity, and likely duration of the injury. *See Mastro v. Brodie, supra; Gleason v. Guzman,* 623 P.2d 378 (Colo.1981).

Here, the treating psychologists' affidavits diagnosed plaintiffs as presently suffering from post-traumatic stress disorder, depression, sexual-dysfunction, and an inability to establish close relationships. These affidavits state that these problems resulted from plaintiffs' sexual relationships with defendant.

The evidence here strongly indicates that neither plaintiff was aware of the nature or the causal connection with her earlier sexual relationship with defendant. Victims of incest are often unaware of the nature, depth, and cause of such problems. *See* Salten, *Statutes of Limitations in Civil Incest Suits: Preserving the Victim's Remedy,* 7 Harv. Women's L.J. 189 (1984).

In my opinion, plaintiffs' early psychological problems, which mostly involved discomfort and confusion, did not provide sufficient early notice of their later serious psychological problems. I, therefore, believe that the trial court erred in finding, as a matter of law, that the statute of limitations had expired. *Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603 (1970); *Davis v. Bonebrake, supra.*

In addition, there are other compelling factors which militate in favor of allowing a liberal discovery rule in incest cases. In sexual abuse/incest cases, there are numerous constraints on the victim which make it very difficult for her to seek legal or psychological help. If the victim admits involvement in these acts she runs the risk of societal stigmatization which in turn can limit her future social and economic opportunities. An incest victim is also constrained because of her reluctance to alienate her parents and the other members of the family. A continued relationship with even an abusive parent is often seen as being of critical importance to the incest victim. Furthermore, the parent or "surrogate" involved in these abuse cases, as here, often frightens the victim into secrecy by threats of harm to her and the family generally. Allen, *Tort Remedies for Incestuous Abuse,* 13 Golden Gate U.L.Rev. 609 (1983).

Until the past decade, therapists and others largely denied the existence of sexual child abuse. Salten, *Statutes of Limitations in Civil Incest Suits: Preserving the Victim's Remedy,* 7 Harv. Women's L.J. 189 (1984). Therefore, the complaining victim has also run a significant risk of having her claim of sexual abuse rejected. There now exists evidence, however, that a significant percentage of the population has experienced some form of child sexual abuse. National Legal Resource Center for Child Advocacy, *Child Sexual Abuse: Legal Issues and Approaches* (rev. ed. 1981). Furthermore, within the last decade, society has become more accepting of such claims.

Although there are several factors here which make this a less compelling case to

rule that the action did not accrue when plaintiffs reached majority, (*i.e.,* late age of victims, defendant is not a live-in natural father, the education and independence of the victims, and the earlier psychological symptoms), I would, nonetheless, let the jury decide this issue.

For the reasons stated above, I would reverse the trial court's determination concerning the applicability of the statute of limitations and, based on the present state of this record, would leave the issue to be resolved by the jury.