Marty W. **SAILSBERY**, Plaintiff–
Appellant,

v.

James J. **PARKS**, Defendant–Appellee.

No. 97CA1631.

Colorado Court of Appeals,
Div. IV.

March 4, 1999.

Certiorari Denied Aug. 23, 1999.*

---

* Justice MULLARKEY would grant as to the following issues:

Whether a plaintiff who characterizes herself as a "person under disability" pursuant to section 13–80–103.7(3.5), 5 C.R.S., by alleging repressed memory can pursue a claim, twenty four years after an alleged sexual assault, under the accrual provision contained in section 13–80–103.7(1) instead of section 13–80–103.7(3.5).

Whether the court of appeals erred in concluding that section 13–80–103.7(3.7) does not bar the respondent's claims.

St. Clair, Greschler & Woodford, P.C., Scott A. St. Clair, Charles P. Martien, Boulder, Colorado, for Plaintiff–Appellant.

Bloom, Murr & Accomazzo, P.C., Martin A. Bloom, Elliott L. Schoen, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

In this civil action premised on allegations of sexual assault or sexual offense committed against a child, the trial court concluded that the time for bringing the action, as provided in § 13–80–103.7, C.R.S.1998, had run. Accordingly, it entered summary judgment for defendant, James J. Parks. Plaintiff, Marty W. Sailsbery, appeals, and we reverse and remand with directions.

Plaintiff filed her complaint in March 1996 and an amended complaint in May 1996, asserting claims of assault and battery, outrageous conduct, negligent infliction of emotional distress, and breach of fiduciary duty. She alleged that defendant, her neighbor, doctor, and surrogate father, had sexually molested her when she was a child. She alleged that the conduct occurred between 1965 and 1972, when she was under the age of 18, but that she first recalled and discovered the acts and her resulting injuries beginning in October 1994. She further alleged that prior to that time she "suffered from disabilities and emotional inabilities, all preventing earlier acknowledgement."

The parties have stipulated that defendant is incapacitated for purposes of presenting a defense.

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendant pursuant to §§ 13–80–103.7(3.5) and 13–80–103.7(3.7), C.R.S.1998. We agree.

Summary judgment is a drastic remedy and should be granted only upon a clear showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Dominguez Reservoir Corp. v. Feil,* 854 P.2d 791 (Colo.1993). Review of a summary judgment order is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

Section 13–80–108, C.R.S.1998, provides that a cause of action *accrues* on the date *"both the injury and its cause* are known or should have been known by the exercise of reasonable diligence." (emphasis added)

Section 13–80–103.7, C.R.S.1998, provides in relevant part:

(1) Notwithstanding any other statute of limitations ... *any civil action based on a sexual assault or a sexual offense against a child shall be commenced within six years after a disability has been removed for a person under disability, as such term is defined in subsection (3.5) of this section, or within six years after a cause of action accrues, whichever occurs later, and not thereafter. ...*

. . . .

(3.5)(a) For the purpose of this section, "person under disability" means any person who is a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian. *"Person under disability" also includes ... a victim of a sexual offense against a child ... and where the victim is psychologically or emotionally unable to acknowledge the assault or offense and the harm resulting therefrom.* For the purpose of this subsection (3.5), "special relationship" means a relationship between the victim and the perpetrator of the sexual assault which is a

confidential, trust-based relationship, such as . . . doctor-patient . . . or familial relationship. It is the intent of the general assembly to leave in place the six-year limitation for adults subjected to a sexual assault except in the situations described in this paragraph (a) in which the victim is in a special relationship with the perpetrator of the assault. In the circumstances in which a victim is in a special relationship with the perpetrator of the assault or is a victim of a sexual offense against a child . . . and where the victim is psychologically or emotionally unable to acknowledge the assault or offense and the harm resulting therefrom, the six-year limitation shall be tolled until the disability is removed. . . .

. . . .

(3.7) An action may not be brought pursuant to subsection (3.5) of this section if the defendant is deceased or is incapacitated to the extent that the defendant is incapable of rendering a defense to the action.

(emphasis added)

Plaintiff contends that her cause of action against the defendant *accrued* under § 13–80–108 when she discovered or should have discovered the cause of her injuries, which she claims, based on her affidavit, was not until late 1994. The applicable statute of limitations under § 13—80–103.7(1) is six years from accrual or six years after removal of disability, as defined in § 13–80–103.7(3.5).

Defendant argues, and the trial court agreed, that, because defendant himself is incapacitated to the extent that he is incapable of defending this action, the tolling provision of § 13–80–103.7(3.5) is inapplicable. *See* § 13–80–103.7(3.7), C.R.S.1998. Indeed, plaintiff now concedes that the tolling provision is inapplicable and we agree.

Nevertheless, despite such concession, plaintiff maintains that summary judgment was improperly entered because there was no showing that her cause of action *accrued* more than six years prior to commencement of the suit. We agree that there remains a genuine issue of material fact as to when plaintiff's cause of action accrued.

As noted, under § 13–80–103.7(1), C.R.S. 1998, a civil action for sexual assault against a child must be brought within six years of the later of the date the cause of action *accrued* or the date the disability was removed.

▮ In opposing defendant's motion for summary judgment in the trial court, plaintiff submitted an affidavit in which she averred that it was not until "the end of 1994, through 1995 and well into 1996 that she became aware that she had been traumatized by [defendant]," that the trauma had caused her "long-term psychological injury," and that the cause of her injury was the defendant and his wrongful actions toward her "as a minor child."

Based on this affidavit, plaintiff argues that her cause of action did not *accrue* any earlier than in 1994 because it was not until then that she became aware of both her injury and its cause.

▮ In its summary judgment ruling, the trial court did not determine *when* plaintiff's action accrued. Instead, it concluded that the general accrual provision, § 13–80–108, "does not apply" and that § 13–80–103.7 exclusively governs the limitation period for claims based on alleged sexual assault of a child. We disagree with that conclusion.

The trial court reasoned that plaintiff's complaint fell squarely within the specific language in § 13–80–103.7(3.5), C.R.S.1998, which allows for tolling while "the victim is psychologically or emotionally unable to acknowledge" the alleged sexual misconduct. Reasoning that because § 13–80–103.7(3.5) is a statute addressing the specific and unique factual circumstances presented in this case, the court applied it, rather than the general accrual provision language found in § 13–80–108 and the specific statute of limitations provisions of § 13–80–103.7(1).

Section 13–80–103.7 does not purport to define when an action for sexual assault on a child *accrues*. Rather, it establishes the six-year limitation period and provides that the period runs from accrual *or* from the date of removal of disability, as specifically defined in § 13–80–103.7(3.5). We conclude that the general provision of § 13–80–108 does apply,

and that the affidavit of plaintiff created a genuine issue of material fact as to when she knew, or by the exercise of reasonable diligence should have known, of both her injury and its cause.

Defendant relies on *Cassidy v. Smith,* 817 P.2d 555 (Colo.App.1991), a decision which preceded and apparently prompted the enactment of § 13–80–103. In *Cassidy,* the plaintiffs unsuccessfully argued that because of the actions of their "surrogate father" they were prevented from divulging his sexual relationship with them when they were minors until they were confronted by their mother and commenced therapy.

Unlike in this case, however, in *Cassidy* it was established by affidavits and was essentially undisputed that the plaintiffs knew of both their injuries and the cause of those injuries more than six years before the action was filed. The record here simply does not support such a conclusion at this stage.

Accordingly, because there remains a genuine issue of material fact as to when plaintiff knew or by the exercise of reasonable diligence should have known of both her injuries and their cause, the trial court erred in granting summary judgment.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judge KAPELKE concurs.

Judge ROY dissents.

Judge ROY dissenting.

The majority holds that neither the statute of limitation provisions of § 13–80–103.7, C.R.S.1998, nor the tolling provisions of § 13–80–103.7(3.7), C.R.S.1998, affect the definition of accrual set forth in § 13–80–108, C.R.S.1998. I have concluded that plaintiff's complaint falls within the scope of § 13–80–103.7(3.5), C.R.S.1998, and I agree with its dismissal pursuant to § 13–80–103.7(3.7). Therefore, I respectfully dissent.

Summary judgment is a drastic remedy and should be granted only upon a clear showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.

*Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988). Appellate review of an order granting summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

When reviewing a motion for summary judgment, an appellate court must give the nonmoving party the benefit of all favorable inferences that may be drawn from the facts. *Holland v. Board of County Commissioners,* 883 P.2d 500 (Colo.App.1994).

The plaintiff was born June 18, 1954, and turned 18 years of age in 1972. In her complaint, which was filed March 8, 1996, plaintiff alleges that defendant sexually assaulted her on numerous occasions between 1965 and 1972, or when she was between 11 and 18 years old.

In her affidavit filed in opposition to defendant's motion to dismiss her complaint as untimely, plaintiff stated that in August of 1994, she entered therapy for depression and substance abuse. With respect to that therapy, the affidavit states:

> [I] began the process of slowly recalling painful memories of events that were traumatic and upsetting, events that I had never previously recalled. These events involved my association with Dr. James J. Parks, Defendant in the current action. It was during my treatment in late 1994 and 1995 that I began recalling bits and pieces of the events forming the basis of this lawsuit.
>
> . . . .
>
> At the time of my association with Dr. Parks, I did not know what he was doing to me was wrong and harmful. No one ever told me that his actions were improper until I was in therapy.
>
> . . . .
>
> Not until the end of 1994, through 1995 and well into 1996 was I aware that I had been traumatized by Dr. Parks, that this trauma had caused me long-term psychological injury and that the cause of my injury was the Defendant, Dr. Parks and

his wrongful actions towards me as a minor child.

Plaintiff also submitted two letters written by her treating psychiatrist in opposition to defendant's motion for summary judgment. In that correspondence, the psychiatrist states, in part:

I have been the treating psychiatrist for Ms. Sailsbery since August of 1994. Initially, Ms. Sailsbery sought help for symptoms of depression. However, after a couple of months in treatment, it became clear that she suffered from serious psychological sequelae resulting from a long-term and unfortunately bizarre relationship with a neighboring physician.

. . . .

She has post-traumatic stress disorder and has had a physiological addiction to narcotics, which led to other substance addiction. Some of this behavior seems to be an inappropriate attempt to block out the painful memories of the abuses received from Dr. Parks. . . . On many occasions, Ms. Sailsbery questioned her memory about some of the events involving Dr. Parks. . . . This was primarily her defense acting to keep her from facing a painful truth, that a person posing as a helper was actually abusive to her in a number of ways.

. . . .

It is my opinion that Marty's recollection of events with Dr. Parks was repressed until she was well into therapy. I believe one of the purposes of her extensive substance abuse was to facilitate forgetting memories of abuse. She clearly had Dr. Parks idealized and employed ego-defense mechanisms, i.e. repression, to maintain that.

Section 13–80–103.7(1), C.R.S.1998, provides that a civil action resulting from a sexual assault or offense against a child shall be filed within six years after removal of a disability as defined by statute or within six years after a cause of action accrues, whichever later occurs. Section 13–80–108, C.R.S. 1998, provides that an action for personal injury accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.

Section 13–80–103.7(3.5) defines a person under disability as including a person under the age of eighteen years, a mental incompetent, persons suffering from any other legal disability, and a person who has been the victim of a sexual offense against a child and who is psychologically or emotionally unable to acknowledge the assault or offense and the harm resulting therefrom; and provides for a tolling of the limitations period during the period of disability. Section 13–80–103.7(3.7) further provides that the action may not be brought "pursuant to" the subsection if the perpetrator is either dead or incapacitated for purposes of rendering a defense. It is this latter subsection which causes plaintiff problems.

In my view, by relying primarily on the last paragraph of plaintiff's affidavit, the majority is essentially opining that the action does not accrue under the general accrual statute, § 13–80–108, C.R.S.1998, until plaintiff is actually aware of the wrongful nature of the acts and the resulting damage, regardless of the reason for her failure to be aware.

At the outset, it seems to me, the majority overlooks the import of the language in § 13–80–108 to the effect that the action accrues when a plaintiff knew of the damage "or should have known by the exercise of reasonable diligence." At a minimum, we disagree concerning the import of that language under the circumstances presented here.

Plaintiff knew, prior to therapy, that she suffered from emotional and chemical addiction problems. It was those problems which prompted her to seek treatment, counseling, and therapy. What she did not know, or could not recognize, according to both herself and her physician, was the existence and nature of defendant's alleged conduct and its causal relationship to her problems.

It is also apparent from this record that plaintiff possessed the information relating to defendant's alleged conduct. That is, plaintiff did not learn of the conduct from third

parties or from other evidence that was only recently discovered or brought to her attention from outside sources. Rather, incidents of abuse were recorded within plaintiff's memory, but the problem, according to both plaintiff and her physician, was that plaintiff could not access the information, or become aware of the information she already possessed, because it was repressed as a defense mechanism.

Under these circumstances, in my view, plaintiff's complaint falls within the specific language of § 13–80–103.7(3.5)(a), which allows for tolling while "the victim is psychologically or emotionally unable to acknowledge" the alleged sexual conduct. Since § 13–80–103.7(3.5) is a statute addressing the specific and unique factual circumstances presented in this action, I would apply it over the general accrual language found in § 13–80–103.7(1). *Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 172–73 (Colo.1987).

Because I would conclude that § 13–80–103.7(3.5) applies, I now address plaintiff's remaining arguments regarding the applicability of this statutory provision to her complaint.

Plaintiff contends that the language in § 13–80–103.7(3.5), which provides tolling while a party is "unable to acknowledge" the sexual misconduct, is designed to provide additional time after a party remembers the misconduct to "acknowledge" it. As a result, she argues that § 13–80–103.7(3.5) is inapplicable because her inability to bring her claim earlier was not due to her inability to acknowledge it, but her inability to remember and know about it. Thus, under plaintiff's argument, when a party is unable to bring a claim because of a disability causing repression of memory, the cause of action accrues upon remembering. The party then has an additional six years to "acknowledge" the claim. Thus, under plaintiff's construction, a party could have twelve years from the time memories of a sexual assault or sexual misconduct surface to file suit.

I would reject this attempt by plaintiff to distinguish "knowledge" of her claims with her ability to "acknowledge" them. As alleged in plaintiff's complaint and affidavit, defendant's sexual misconduct caused a disability resulting in her repressing her memories. Thus, plaintiff's disability prevented her from acknowledging the alleged abuse. I see no reason to treat repressed memories differently from other disabilities that prevent a victim from acknowledging a claim of sexual assault or sexual misconduct.

Although it is unnecessary to resort to legislative history because the majority did not find the statute ambiguous, I note that my proposed interpretation of § 13–80–103.7(3.5) accords with its legislative history. In introducing the bill adding § 13–80–103.7(3.5), its sponsor, Representative Kreutz, stated:

> Six years is not enough time for survivors to heal and work through their complex recovery process that must occur before the pursuit of civil action is a possibility for them. Six years is *often not enough time for survivors to remember the abuse.* ... This bill would redefine the term disability to include the psychologically and emotional damage done by sexual assault, *resulting in the repression of memory* and grant survivors the time to uncover this awful secret. *It would give survivors of sexual abuse six years from the time their memories surface, rather than six years from the time of the assault, to pursue civil action.* (emphasis added)

Hearings on H.B. 1259 before the House Judiciary Committee, 59th General Assembly, First Session (February 11, 1993); *see also* Hearings on H.B. 1259 before the Senate Judiciary Committee, 59th General Assembly, First Session (March 10, 1993).

Because I would hold that the trial court correctly applied § 13–80–103.7(3.5) to this case, I would find no error in its conclusion that summary judgment was proper based upon defendant's incapacity pursuant to § 13–80–103.7(3.7).