**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN DEAN AYON,

      Plaintiff - Appellant,

    v.

REVEREND MARSHALL GOURLEY; ROMAN CATHOLIC ARCHDIOCESE OF DENVER; MOST REVEREND CHARLES J. CHAPUT, His Predecessors and Successors, as Archbishop of the Roman Catholic Archdiocese of Denver,

      Defendants - Appellees.

------------------------------

THE AMERICAN BAPTIST CHURCHES OF THE ROCKY MOUNTAINS; THE ASSOCIATION OF CHRISTIAN SCHOOLS INTERNATIONAL; BAPTIST JOINT COMMITTEE ON PUBLIC AFFAIRS; THE BISHOP AND DIOCESE OF COLORADO (PROTESTANT EPISCOPAL CHURCH IN THE UNITED STATES OF AMERICA); CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; COLORADO BAPTIST GENERAL CONVENTION; THE COLORADO CATHOLIC CONFERENCE; COLORADO DISTRICT CHURCH OF THE NAZARENE; COLORADO MUSLIM SOCIETY; COLORADO SPRINGS ASSOCIATION OF EVANGELICALS; EVANGELICAL LUTHERAN CHURCH IN AMERICA; FIRST CHURCH OF

No. 98-1305
(D. Ct. No. 97-S-1936)
(D. Colo.)

CHRIST, SCIENTIST; GENERAL
COUNCIL ON FINANCE AND
ADMINISTRATION OF THE UNITED
METHODIST CHURCH;
INTERNATIONAL CHURCH OF THE
FOURSQUARE GOSPEL; ISLAMIC
SOCIETY OF COLORADO SPRINGS;
MID-AMERICA UNION CONFERENCE
OF SEVENTH-DAY ADVENTISTS; NEW
LIFE CHURCH; PUEBLO ASSOCIATION
OF EVANGELICALS; ROCKY
MOUNTAIN CONFERENCE OF
SEVENTH-DAY ADVENTISTS; ROCKY
MOUNTAIN CONFERENCE OF THE
UNITED METHODIST CHURCH;
ROCKY MOUNTAIN OF THE
LUTHERAN CHURCH-MISSOURI
SYNOD; ROCKY MOUNTAIN
PRESBYTERIAN (PRESBYTERIAN
CHURCH IN AMERICA); ROCKY
MOUNTAIN SYNOD, EVANGELICAL
LUTHERAN CHURCH IN AMERICA;
ROCKY MOUNTAIN YEARLY
MEETING OF THE FRIENDS CHURCH;
SOKA GAKKAI
INTERNATIONAL-U.S.A. ROCKY
MOUNTAIN REGION; SOLID ROCK
CHRISTIAN CHURCH; THE UNITED
STATES CATHOLIC CONFERENCE;
WISCONSIN EVANGELICAL
LUTHERAN SYNOD,

Amici Curiae.

---

**ORDER AND JUDGMENT** *

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the

Before **ANDERSON** , **TACHA** , and **KELLY** , Circuit Judges.

Plaintiff John Dean Ayon brought this diversity action against Father Marshall Gourley, the Roman Catholic Archdiocese of Denver, and the Archbishop of Denver, alleging various tort theories stemming from Gourley's purported sexual abuse of Ayon. The district court granted defendants' motion to dismiss and for summary judgment. Plaintiff timely appealed this decision. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## Background

On September 8, 1997, Ayon commenced this suit against the Archbishop, the Archdiocese, and one of its priests, Father Gourley, in the United States District Court for the District of Colorado. Ayon's initial complaint alleged that Gourley engaged in improper sexual contact with him when he was a minor parishioner at the church to which Gourley was assigned in Denver. Ayon claimed the sexual molestation and abuse occurred on numerous occasions from June 1981 through June 1984. These facts supported Ayon's claim of outrageous conduct against Gourley. Ayon also asserted claims of negligent hiring and supervision, outrageous conduct, breach of fiduciary duty, concert of action and

citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

- 3 -

conspiracy against the Archbishop and Archdiocese (hereinafter collectively referred to as "Archdiocese"). The Archdiocese filed a motion to dismiss or for summary judgment on October 22, 1997, arguing that there were insufficient facts to support the outrageous conduct and joint liability claims and that the statute of limitations and the Free Exercise and Establishment Clauses of First Amendment barred all claims against it. Gourley filed a summary judgment motion on October 24, 1997, making a statute of limitations argument.

On December 15, 1997, Ayon filed his response to defendants' motions and requested leave to amend his complaint to add additional facts. Those additional facts included an allegation that Gourley sexually assaulted him in 1993. At a May 1, 1998 hearing, the court expressed concern about plaintiff's proposed first amended complaint changing and adding facts to respond to defendants' statute of limitations arguments. The court granted plaintiffs' motion to withdraw the proposed first amended complaint and to submit a new amended complaint. However, the court limited the scope of the amendment by prohibiting changes to the original complaint's factual allegations. The district court stated:

> I will expressly exclude . . . , by striking, any amendments which . . . seek to modify the factual allegations of the complaint. I do not think that is a proper amendment. . . .
>
> For instance, the amended complaint presently filed attempts to modify certain dates with regard to actions which were originally alleged in the complaint for the apparent purpose of responding to the statute of limitations problem. I will not allow such amendments.

- 4 -

> If you have alleged a certain occurrence on a certain date, I do not think it's proper now in response to a summary judgment motion that's been filed by the defendants to amend those dates to cure the defects alleged in the summary judgment.

Appellant's App., Vol. III, at 774-75. Plaintiff objected to this limitation.

Plaintiff subsequently filed a renewed motion for leave to amend, along with a new amended complaint. The court granted in part and denied in part the renewed motion to amend. The court allowed amendments to the extent that they clarified or added claims. The amended complaint therefore alleged claims of outrageous conduct and breach of fiduciary duty against Gourley and claims of negligent hiring and supervision, outrageous conduct, and vicarious liability against the Archdiocese. The court refused, however, to allow any changes to factual allegations in the original complaint. To that end, it struck several factual assertions from the amended complaint, including an allegation of a 1993 attempted assault by Gourley, an allegation that abuse continued from the 1980s through 1993, and an allegation that plaintiff did not realize that Gourley's alleged actions had caused him harm until he sought psychological counseling in July 1997. The court also noted that the amended complaint had omitted facts from the original complaint describing how plaintiff had suffered emotional distress from the alleged abuse constantly from the 1980s until the present. This omission and the new facts, the court concluded, were designed to avoid the statute of limitations bar. Therefore, the court ruled that it would treat facts

alleged in the original complaint as "judicial admissions." Plaintiff did not object to such treatment.

On July 15, 1998, the district court granted the Archdiocese's motion to dismiss and defendants' motions for summary judgment. The court held that the Free Exercise and Establishment Clauses of the First Amendment barred Ayon's negligence and outrageous conduct claims against the Archdiocese because any inquiry into church hiring or employment of priests would interfere with the Archdiocese's right to free exercise of religion and excessively entangle the courts in church operations. The court also dismissed the vicarious liability claims because plaintiff failed to properly plead the Archdiocese's ratification of Gourley's conduct. On summary judgment, the court concluded that plaintiff's causes of action for the alleged 1981-84 abuse accrued prior to 1991. Under Colorado law, a cause of action accrues when the injury and its cause are known or should have been known to the plaintiff. See Mastro v. Brodie, 682 P.2d 1162, 1168 (Colo. 1984). Because this suit was not filed until 1997, the court held the statute of limitations had run with respect to all claims against defendants and granted their summary judgment motions.

Plaintiff argues four issues on appeal: (1) the First Amendment does not bar suit against the Archdiocese for its allegedly tortious actions; (2) he properly pled the vicarious liability claims; (3) the district court abused its discretion in

allowing only partial amendment of the complaint and treating facts from the original complaint as "judicial admissions;" and (4) even under the facts of the original complaint, the cause of action did not accrue until 1997, thus bringing the action within the applicable statutes of limitations. We find no error in the district court's treatment of the complaint or its conclusion that all of plaintiff's causes of action are barred by the applicable statutes of limitations. Therefore, we need not address the First Amendment and vicarious liability questions.

## Discussion

### I.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. See Byers v. City of Albuquerque 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. See Byers, 150 F.3d at 1274.

As the district court noted, the statute of limitations question turns on when plaintiff's causes of action accrued. In order to fully evaluate the statute of

limitations issue, we must first resolve what facts we may consider. Accordingly, we turn to the district court's treatment of plaintiff's amended complaint.

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed. R. Civ. P. 15(a), and will not be disturbed absent an abuse of that discretion." Woolsey v. Marion Labs, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). However, untimeliness alone may be sufficient reason to deny leave to amend, "'especially when the party filing the motion has no adequate explanation for the delay.'" Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting Frank, 3 F.3d at 1365-66). Failure to include known facts in the original complaint may also constitute grounds for denial. See id. (citing State Distribs., Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984)).

The district court in this case refused to allow complete amendment of the complaint for at least two reasons. First, it found the amendment would further delay the proceedings. Second, and more importantly, the court expressed concern about plaintiff's bad faith and dilatory motive. It found "by virtue of the nature of the amendments which are proffered here in this amended complaint,

that it is a rather lightly veiled attempt to avoid the allegations . . . and admissions which were made in previous complaints, which are unfavorable to the plaintiff under the legal theories now expounded." Appellant's App., Vol. III, at 808. The court placed some weight on plaintiff's failure to explain the initial exclusion of the disputed facts, especially because plaintiff did not claim the facts derived from newly discovered evidence. We find the district court's decision does not amount to an abuse of discretion. "'A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.'" Pallottino, 31 F.3d at 1027 (quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir. 1967)). Plaintiff's inability to explain why he waited three months before seeking to add facts known to him at the time he filed his initial complaint, combined with the evidence of bad faith, support the district court's ruling on the amendment of the claim. See Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1495 (10th Cir. 1995); Pallottino, 31 F.3d at 1027; Frank, 3 F.3d at 1366.

When the district court struck plaintiff's new facts from the amended complaint, it initially ordered the factual allegations from the original complaint added to the amended complaint. Soon thereafter, the district court realized that "we are totally changing the amended complaint, and about the only way we could approach it would be to reamend – to come up with a new complaint." Appellant's App., Vol. III at 815. Rather than order another amended complaint,

the district court suggested treating facts from the original complaint as "judicial admissions" by the plaintiff. Plaintiff argues that the amended complaint superseded the original, making the court's ruling on "judicial admissions" erroneous. However, plaintiff failed to make this argument to the district court or to object to the district court's "judicial admissions" decision. [1] This court has repeatedly stated that:

> Generally, we will not consider an issue that was not raised and resolved in the trial court. We will consider matters not raised or argued in the trial court only in the most unusual circumstances, which may include issues regarding jurisdiction and sovereign immunity, . . . instances where public interest is implicated, . . . or where manifest injustice would result.

Smith v. Rogers Galvanizing Co. , 128 F.3d 1380, 1385-86 (10th Cir. 1997) (internal quotation marks and citations omitted). Finding no extraordinary circumstances in this case, we hold plaintiff has waived this argument on appeal. Therefore, like the district court, we shall consider the facts as presented in plaintiff's original complaint.

## II.

In a diversity case, we apply the substantive law, including the statutes of

---

[1]Plaintiff did object when the district court announced at the May 1, 1998 status hearing that it would impose limitations on the plaintiff's ability to change facts in the amended complaint. Therefore, he may properly challenge the district court's amendment decision. However, at the June 19, 1998 motions hearing, plaintiff made no objection to the court's decision to treat the facts in the original complaint as judicial admissions.

limitations, applicable under the law of the forum state. See, e.g. , Miller v. Armstrong World Indus., Inc. , 949 F.2d 1088, 1089 n.3 (10th Cir. 1991). The parties agree Colorado law governs this suit. While there is some disagreement as to which statutes of limitations apply to the different parties, the dispositive issue is when plaintiff's causes of action accrued. [2] Plaintiff claims they accrued in 1997 when he received counseling. Defendants argue they accrued in the 1980s when the alleged sexual contact occurred.

We conclude that, under Colorado law, plaintiff's causes of action accrued in 1984, at the latest. Colorado law provides that personal injury causes of action accrue "when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." Mastro v. Brodie , 682 F.2d 1162, 1169 (Colo. 1984); cf. Colo. Rev. Stat. § 13-80-108(1) (adopting, after 1986, the same rule announced in Mastro ). Plaintiff's claimed injury is emotional distress.

---

[2]Plaintiff claims the two-year statute of limitations set out in Colo. Rev. Stat. § 13-80-102 applies to the Archdiocese defendants and the special six-year statute of limitations for sexual assaults, see id. § 13-80-103.7, applies to Gourley. This is true if plaintiff's causes of action accrued in 1997. However, if the causes of action accrued in the early 1980s, the applicable statutes of limitation at that time were six years for negligence and outrageous conduct claims pursuant to former Colo. Rev. Stat. § 13-80-110, see Cassidy v. Smith, 817 P.2d 555, 557 (Colo. Ct. App. 1991), and five years for breach of fiduciary duty claims pursuant to former Colo. Rev. Stat. § 13-80-114, see Van Schaack v. Van Schaack Holdings, Ltd., 856 P.2d 15, 25 (Colo. Ct. App. 1992), aff'd, 867 P.2d 892 (Colo. 1994). Colorado significantly revised its statutes of limitations in 1986.

Plaintiff contends that he did not connect the injury to its cause until his therapy in 1997. However, the facts in Ayon's initial complaint and affidavits, combined with the applicable Colorado law, dictate a contrary conclusion.

In <u>Cassidy v. Smith</u>, 817 P.2d 555, 557-58 (Colo. Ct. App. 1991), two minor girls, ages fifteen and seventeen, were sexually abused by a close family friend. The girls knew the activity was "improper" and admitted feeling pain, despair, alienation, shame, confusion, and other emotional distress at the time. <u>See</u> <u>id.</u> at 557. The plaintiffs asserted, however, that they were unaware of the damage resulting from the abuse until years later, after their mother confronted them about the sexual abuse and advised them to seek psychological counseling. Plaintiffs submitted personal affidavits as well as those from treating therapists regarding the delayed discovery of the cause of their psychological injuries. <u>See</u> <u>id.</u> Despite these affidavits, the court concluded that after the girls reached majority, "plaintiffs were aware of the wrongful nature of defendant's acts and . . . they had sufficient knowledge concerning the existence of resulting psychological harm that the statute of limitations began to run when they achieved their majority." <u>Id.</u> at 558. In finding plaintiffs aware of both injury and cause, the court implicitly rejected the theory now presented to this court by Ayon. <u>See</u> <u>id.</u> at 558 (Dubofsky, J., dissenting) ("The fact that plaintiffs experienced some initial psychological problems from having sexual relationships with defendant

- 12 -

does not, as a matter of law, give them notice that these relationships would result in subsequent serious psychological problems.").

Under Cassidy , Ayon knew or should have known the alleged sexual abuse was wrong and "had sufficient knowledge concerning the existence of resulting psychological harm," id. at 558, at least in 1984, if not earlier. Ayon was sixteen when the alleged abuse began in 1981 and almost twenty at the time of the last incident in June 1984. In his affidavit, he admits being "embarrassed, humiliated, ashamed and fearful about what happened" and claims to have blamed himself. Appellant's App., Vol. I, at 313. He also claims Gourley threatened to kill him or his mother if he ever told anyone about the abuse. Additionally, the original complaint alleges: "From the dates of the abuse to the present, and largely because of his abuse, the Plaintiff has been continually subject to coercion, duress, religious duress, mental infirmity, disability and unsound mind as to the facts, conditions and circumstances surrounding his sexual abuse." Id. at 4. The alleged threat by Gourley, plaintiff's recognition that he was embarrassed and fearful, and his acknowledgment that he blamed himself show Ayon knew the wrongfulness of the alleged abuse. Moreover, to the extent Ayon claims repression of the *wrongfulness* of the alleged encounters with Gourley, we conclude, on these facts, that he should have known the wrongfulness of the acts. A reasonable plaintiff of nineteen who felt fear and embarrassment and who

allegedly received death threats stemming from the actions in question should have reasonably known of the wrongfulness of the actions. As for the injury, plaintiff admits that he suffered emotional distress at the time of the alleged incidents of abuse. See id. Thus, as in Cassidy, plaintiff knew or should have known the wrongful nature of the act, the resulting injury, and the causal connection between the two. See Cassidy, 817 P.2d at 557-58. We therefore find that plaintiff's causes of action accrued in 1984 and the applicable statute of limitations periods expired, at the latest, in 1990. Plaintiff's causes of actions against the defendants are barred.

In his reply brief, plaintiff for the first time makes an argument that the statute of limitations for the negligent hiring/supervision claim against the Archdiocese did not begin to run until plaintiff knew or should have known that others had also been abused. We generally will not consider issues raised for the first time in the reply brief. See Codner v. United States, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994); Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir. 1993). We decline to do so here.

Finally, we refuse plaintiff's entreaty to reconsider or disregard Cassidy in light of advances in understanding of abuse victims over the past decade. In this case, we are bound by Colorado law, and plaintiff provides no authority that

would call Cassidy into question. [3] Plaintiff's supplemental authority, Sailsbery v. Parks, 1999 WL 107277 (Colo. Ct. App. Mar. 4, 1999), does little to affect our conclusion. In Sailsbery, plaintiff, who alleged sexual abuse by the defendant from age eleven to eighteen, claimed repressed memory of the sexual abuse itself. See id. at *1, *4. The court distinguished the case from Cassidy because Sailsbery claimed not to remember the incident, any injury, or the cause of the injury until she recovered that memory in therapy. See id. at *3. We note that Ayon makes no claim of repressed memory of the events forming the basis of his complaint.

As a court sitting in diversity, we must apply the law as it exists in Colorado. Colorado law demands summary judgment in favor of defendants.

---

[3]Colorado amended its statute of limitations law in 1993 to provide a tolling of the statute of limitations for persons under disabilities who suffer sexual assault, including those in a special relationship of trust who are "psychologically or emotionally unable to acknowledge the assault or offense and the harm resulting therefrom." Colo. Rev. Stat. § 13-80-103.7(3.5)(a). The statutes of limitations ran on plaintiff's claims prior to the new statute taking effect, and we express no opinion on whether this statute would have otherwise applied to plaintiff.

- 15 -

Therefore, the district court's order granting summary judgment is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge